UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Dickerson, # 157113,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Ms. Doris Franklin,<br><br>　　　　　　　　Defendant. | C/A No. 6:07-00334-RBH-WMC<br><br>REPORT<br>AND<br>RECOMMENDATION |

This matter is before the Court on a *pro se* complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Broad River Correctional Institution of the South Carolina Department of Corrections. It is unclear why plaintiff is suing this defendant, but it appears that plaintiff is complaining about various medical issues, the use of a restraint chair and his conviction. Plaintiff requests damages and freedom.[*] (Docket Entry # 1 at 5 and Docket Entry # 1-3 at 1.)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in the above-captioned case. This review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F. 3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[*]If plaintiff seeks habeas corpus relief, he must request this relief in a separate action filed on the appropriate form. *See* Local Rule 83.VIII.03 (D.S.C.).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff should not be allowed to bring this suit without prepayment of fees. *See* 28 U.S.C. § 1915(g). This complaint should be dismissed because plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act, and he does not allege that he is under imminent danger of serious physical injury. The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as the plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), and dismissal of his case, a prisoner may prepay, in full, the filing fee.

This Court takes judicial notice of three (3) prior frivolous cases filed by plaintiff in this Court.  *See Dickerson v. Miro*, C/A No. 4:97-3677-WBT (D.S.C. Jan. 21, 1998); *Dickerson v. Ward*, C/A No. 4:96-2981-WBT (D.S.C. June 24, 1997)*; Dickerson v. Ward*, C/A No. 4:96-2982-TLW  (D.S.C. Dec. 11, 1996).  In addition, an order in one of plaintiff's prior civil actions adopts the Report and Recommendation which specifically outlines the application of 28 U.S.C. § 1915(g) to this plaintiff.  *See Dickerson v. Franklin*, C/A No 4:98-1735 (D.S.C. July 22, 1998).

Plaintiff submitted a Financial Certificate to this Court indicating his desire to proceed with his case without prepayment of the filing fee.  *See* 28 U.S.C. §1915(a)(1), (2).  In light of the plaintiff's prior "strikes," he cannot proceed with the instant complaint without prepayment of fees unless his claim satisfies the exception for imminent serious physical injury provided by the "three-strikes" rule.  *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998).  This complaint does not fit within this exception as the plaintiff does not allege that he is under imminent danger of serious physical injury.

### Recommendation

It is recommended that the complaint be dismissed without prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g).

s/William M. Catoe
United States Magistrate Judge

February 26, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).